UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRAISURE EARL SMITH,<br><br>        Plaintiff,<br><br>        v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>        Defendants. | Case No.: 1:13-cv-000951-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>[ECF No. 1] |

Plaintiff is a civil detainee proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

**I.**

**SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint for sufficiency to state a claim. The Court must dismiss a complaint or portion thereof if it determines that the action has raised claims that are legally "frivolous or malicious," "fails to state a claim upon which relief may be granted," or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "Notwithstanding any filing fee, or any portion thereof, that may

have been paid, the court shall dismiss the case at any time if the court determines that … the action or appeal … fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-394 (1989).

## II.
## COMPLAINT ALLEGATIONS

Plaintiff is currently housed at the Coalinga State Hospital. Plaintiff seeks compensatory damages for his claim that on or about September 15, 2011, supervising social worker, Michael Themins destroyed a legal document sent by the Department of Mental Health (now known as the Department of State Hospitals) recommending the release of Plaintiff. Mr. Themins told Plaintiff and his appellate attorney that he cut up the recommendation for Plaintiff's release to prevent the Plaintiff from knowing who sent the document.

## III.
## DISCUSSION

In this action, although Plaintiff seeks monetary damages, he is challenging the validity of his continued commitment at Coalinga State Hospital. Even if Plaintiff has plead a sufficient claim for relief, the relief Plaintiff is seeking-release from custody-is not available in a civil rights action. This applies even though Plaintiff in this instance seeks only monetary damages. See Heck v. Humphey, 512 U.S. 477, 483 (1994) (even if only monetary damages are sought, a plaintiff cannot bring a non-habeas civil action that would effectively "call into question the lawfulness of [his[ conviction or confinement."). In addition, the Heck rule is fully applicable to state detainees confined by reason of a civil commitment order, rather than a prison sentence. See Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-1140 (9th Cir. 2005). Accordingly, Plaintiff fails to state a cognizable claim for relief and the complaint must be dismissed. Because the deficiency outlined herein is not capable of being cured

through amendment, the Court recommends that the complaint be dismissed without leave to amend. Young v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

### IV.

### RECOMMENDATION

Based on the foregoing,

IT IS HEREBY RECOMMENDED that the instant complaint be dismissed without leave to amend for failure to state a cognizable claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 21, 2014**

UNITED STATES MAGISTRATE JUDGE

3